MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
ROGELIO SOTOY, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| TIBERIAS FOR STUDENTS LLC (D/B/A | |
| TIBERIAS), STERNBACH HOLDINGS, LLC | **ECF Case** |
| (D/B/A TIBERIAS), OHREL STERNBACH, | |
| and ELROM STERNBACH, | |
| *Defendants.* | |

-----------------------------------------------------X

Plaintiff Rogelio Sotoy ("Plaintiff Sotoy" or "Mr. Sotoy"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against TIBERIAS FOR STUDENTS LLC (d/b/a Tiberias), STERNBACH HOLDINGS, LLC (d/b/a Tiberias), ("Defendant Corporations"), Ohrel Sternbach and Elrom Sternbach, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Sotoy is a former employee of Defendants TIBERIAS FOR STUDENTS LLC (d/b/a Tiberias), STERNBACH HOLDINGS, LLC (d/b/a Tiberias), Ohrel Sternbach, and Elrom Sternbach.

2.      Defendants own, operate, or control a Kosher restaurant, located at 45 EAST 34TH STREET, NEW YORK, NY, United States, 10016 under the name "Tiberias".

3.      Upon information and belief, individual Defendants Ohrel Sternbach and Elrom Sternbach, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Sotoy was employed as a delivery worker at the restaurant located at 45 East 34th Street, New York, NY, 10016.

5.      At all times relevant to this Complaint, Plaintiff Sotoy worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Sotoy appropriately for any hours worked at the straight rate of pay.

7.      Regardless, at all relevant times, Defendants paid Plaintiff Sotoy at a rate that was lower than the required tip-credit rate.

8.Defendants' conduct extended beyond Plaintiff Sotoy to all other similarly situated employees.

9.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sotoy and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10.      Plaintiff Sotoy now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Sotoy seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sotoy's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Kosher restaurant located in this district.

14.     Further, Plaintiff Sotoy was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Rogelio Sotoy ("Plaintiff Sotoy" or "Mr. Sotoy") is an adult individual residing in Queens County, New York.

16.     Plaintiff Sotoy was employed by Defendants at Tiberias from approximately May 2017 until on or about March 2020.

17.     Plaintiff Sotoy consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Kosher restaurant, located at 45 EAST 34TH STREET, NEW YORK, NY, United States, 10016 under the name "Tiberias".

19.     Upon information and belief, TIBERIAS FOR STUDENTS LLC (d/b/a Tiberias) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 45 EAST 34TH STREET, NEW YORK, NY, 10016.

20.     Upon information and belief, STERNBACH HOLDINGS, LLC (d/b/a Tiberias) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 45 EAST 34TH STREET, NEW YORK, NY, 10016.

21.     Defendant Ohrel Sternbach is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ohrel Sternbach is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ohrel Sternbach possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sotoy, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Elrom Sternbach is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elrom Sternbach is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Elrom Sternbach possesses operational control over Defendant Corporations, an ownership interest

in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sotoy, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a Kosher restaurant located in the Murray Hill section of Manhattan in New York City.

24.     Individual Defendants, Ohrel Sternbach and Elrom Sternbach, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Sotoy's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sotoy, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Sotoy (and all similarly situated employees) and are Plaintiff Sotoy's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Sotoy and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Ohrel Sternbach and Elrom Sternbach operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed   corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Sotoy's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sotoy, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sotoy's services.

31.     In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Sotoy is a former employee of Defendants who was employed as a delivery worker.

34.     Plaintiff Sotoy seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rogelio Sotoy*

35.     Plaintiff Sotoy was employed by Defendants from approximately May 2017 until on or about March 2020.

36.     Defendants ostensibly employed Plaintiff Sotoy as a delivery worker.

37.     Plaintiff Sotoy regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Sotoy's work duties required neither discretion nor independent judgment.

39.     From approximately May 2017 until on or about March 2020, Plaintiff Sotoy worked from approximately 11:00 a.m. until on or about 3:00 p.m., 5 days a week (typically 20 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Sotoy his wages in cash.

41.     From approximately May 2017 until on or about March 2020, Defendants paid Plaintiff Sotoy a fixed salary of $30 per day.

42.     Defendants never granted Plaintiff Sotoy any breaks or meal periods of any kind.

43.     Plaintiff Sotoy was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

44.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sotoy regarding overtime and wages under the FLSA and NYLL.

45.     Defendants did not provide Plaintiff Sotoy an accurate statement of wages, as required by NYLL 195(3).

46.     Defendants did not give any notice to Plaintiff Sotoy, in English and in Spanish (Plaintiff Sotoy's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47.     Defendants required Plaintiff Sotoy to purchase "tools of the trade" with his own funds—including one bicycle.

*Defendants' General Employment Practices*

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sotoy (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

49.     Plaintiff Sotoy was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50.     Defendants' pay practices resulted in Plaintiff Sotoy not receiving payment for all his hours worked, and resulted in Plaintiff Sotoy's effective rate of pay falling below the required minimum wage rate.

51.      Plaintiff Sotoy and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

52.     In violation of federal and state law as codified above, Defendants classified Plaintiff Sotoy and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

53.     Defendants failed to inform Plaintiff Sotoy who received tips that Defendants intended to take a deduction against Plaintiff Sotoy's earned wages for tip income, as required by the NYLL before any deduction may be taken.

54.     Defendants failed to inform Plaintiff Sotoy who received tips, that his tips were being credited towards the payment of the minimum wage.

55.     Defendants failed to maintain a record of tips earned by Plaintiff Sotoy who worked as a delivery worker for the tips he received.

56.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.     Defendants paid Plaintiff Sotoy his wages in cash.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sotoy (and similarly situated individuals) worked, and to avoid paying Plaintiff Sotoy properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sotoy and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff Sotoy and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Sotoy and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.       Plaintiff Sotoy brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.       At all relevant times, Plaintiff Sotoy and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

66.       The claims of Plaintiff Sotoy stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67.       Plaintiff Sotoy repeats and realleges all paragraphs above as though fully set forth herein.

68.       At all times relevant to this action, Defendants were Plaintiff Sotoy's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Sotoy (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.       At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

- 11 -

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Sotoy (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Sotoy (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Sotoy (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

74.     Plaintiff Sotoy repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Sotoy's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Sotoy, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

76.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sotoy less than the minimum wage.

77.     Defendants' failure to pay Plaintiff Sotoy the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

78.     Plaintiff Sotoy was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

79.     Plaintiff Sotoy repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants failed to provide Plaintiff Sotoy with a written notice, in English and in Spanish (Plaintiff Sotoy's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81.     Defendants are liable to Plaintiff Sotoy in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

82.     Plaintiff Sotoy repeats and realleges all paragraphs above as though fully set forth herein.

83.     With each payment of wages, Defendants failed to provide Plaintiff Sotoy with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84.     Defendants are liable to Plaintiff Sotoy in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

85.      Plaintiff Sotoy repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants required Plaintiff Sotoy to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

87.     Plaintiff Sotoy was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sotoy respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sotoy and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sotoy's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sotoy and the FLSA Class members;

(e)     Awarding Plaintiff Sotoy and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sotoy and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sotoy;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Sotoy's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Sotoy;

(j)     Awarding Plaintiff Sotoy damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Sotoy damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

- 15 -

(l)     Awarding Plaintiff Sotoy liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Sotoy and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Sotoy and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sotoy demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 30, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 18, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Rogelio Sotoy

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              18 de agosto 2021

*Certified as a minority-owned business in the State of New York*