# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

March 23, 2022

**VIA ECF**  
Honorable Katharine H. Parker, U.S. M.J.  
United States District Court  
Southern District of New York  
500 Pearl Street, Courtroom 17D  
New York, NY 10007

    Re: <u>Sotoy v. Tiberias for Students, LLC (d/b/a Tiberias), et al.</u>  
        1:21-cv-07264-PAE-KHP

Dear Judge Parker:

    This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions through an in-person settlement conference before Hon. Katharine H. Park, U.S.M.J. A Countersigned copy of the Agreement is attached hereto as <u>Exhibit A</u>.

    Plaintiff alleges that he was employed by Defendants at Defendants' restaurant. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

    **I.**    **The Proposed Settlement is Fair and Reasonable**

    Under the Agreement, Defendants will pay $12,500.00 to settle all claims. This settlement amount will be paid in one installment. The installment will be paid within 30 days of the Court's approval of the Agreement. The installment shall consist of one check, made payable to "CSM Legal, P.C. as attorneys for Plaintiff."

    Plaintiff alleges that he is entitled to back wages from Defendants in the amount of approximately $17,920.00. Plaintiff estimates that if he had recovered in full for his claims based on the facts alleged by Plaintiff, exclusive of attorneys' fees, he would be entitled to approximately $50,588.71. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as <u>Exhibit B</u>. However, there are multiple factual disputes as to

Plaintiff's alleged period of employment, the number of hours Plaintiff allegedly worked, the number of days Plaintiff allegedly worked, and the amount of wages Plaintiff allegedly received.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested all of Plaintiff's substantive allegations, contesting the alleged period of Plaintiff's employment with the Defendants, the number of days Plaintiff allegedly worked, number of hours allegedly worked by Plaintiff, and the amount of wages Plaintiff allegedly received.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and reasonable and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $4,656.00 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, service of process and due diligence, plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from the provisions of Plaintiff's retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $5,965.00, including $734.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiffs in this matter, including the effective billable rate which the parties' request that the Court apply

March 23, 2022
Page 3

should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

    iii.    Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., Jarret worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. His work is billed at a rate of $350 per hour.

    iv.    William K. Oates ("WO"), is an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated New York Law School in 1995, and is admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

November 2021, He has been responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. His work is billed at the rate of $400.00 per hour.

   v.  Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

            Respectfully submitted,

            _____
            Jarret T. Bodo, Esq
            CSM Legal, P.C.
            *Attorneys for the Plaintiffs*

Enclosures

cc: Defendants' Counsel (via ECF)